UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                    Case No. GG 17-02376-jtg

GRAHM M. ALLISON,                                         Chapter 13

                         Debtor.                          Hon. John T. Gregg

_____/

**OPINION REGARDING
FINAL FEE APPLICATION**

APPEARANCES:  James M. Keller, Esq. and A. Todd Almassian, Esq., Keller & Almassian, PLC, Grand Rapids, Michigan

This matter comes before the court on a Petition for Final Allowance of Fees for Attorney for the Debtor [Dkt. No. 34] (the "Application") filed by Keller & Almassian, PLC (the "Applicant"), counsel for Grahm M. Allison (the "Debtor").  In the Application, the Applicant requests that the court approve fees and expenses on a final basis pursuant to sections 330 and 503 of the Bankruptcy Code.[1]  For the following reasons, the court shall, with limited exceptions, approve the Application.[2]

**JURISDICTION**

The court has jurisdiction pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)-(B).

**BACKGROUND**

The facts are relatively straightforward in this less than complex case.  On May 11, 2017, the Debtor filed a voluntary petition for relief under chapter 13.  Thereafter, the Debtor filed a

---

[1]    The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq.*  Specific sections of the Bankruptcy Code are identified as "section __."

[2]    This Opinion is intended to supplement the telephonic bench opinion given by the court on December 21, 2017.  The following constitutes this court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

proposed chapter 13 plan and two preconfirmation plan amendments, negotiated with creditors to resolve fairly routine disputes, and sold his residence free and clear of all liens, claims and encumbrances after obtaining court approval.

At an uncontested hearing on October 12, 2017, the court confirmed the Debtor's plan. As part of the confirmation order, the court awarded interim compensation to the Applicant in the no-look amount of $3,200. In accordance with the confirmed plan, the Trustee used the proceeds from the sale of the Debtor's residence to satisfy all allowed claims and administrative expenses in full after paying the mortgage holder and accounting for the Debtor's homestead exemption.[3]

One month later, the Applicant filed the Application. In the Application, the Applicant requests that the court approve, on a final basis, the fees awarded at confirmation, as well as additional post-confirmation fees and expenses. No party in interest filed an objection to the Application. However, because the Applicant seeks an hourly rate of $300 per hour for two board certified attorneys, the court scheduled a hearing on the Application.[4] As stated in the notice of hearing, the court was also concerned with the potential impact of the fees requested on the Debtor's fresh start.[5]

Before the hearing, the Applicant filed a thorough supplemental brief. The supplemental brief provided legal authority and evidentiary support for, among other things, the hourly rate

---

[3]     With the consent of the Debtor, the Trustee also retained sufficient funds to satisfy any future administrative expenses, including additional fees and expenses of the Applicant.

[4]     In the introductory paragraph of the Application, the Applicant highlighted that it was seeking a rate in excess of the presumptive hourly rate for board certified attorneys.

[5]     The Applicant's acknowledgements and affirmations of their ethical obligations more than satisfied the court's inquiry regarding the impact on the Debtor post-discharge. The court therefore need not discuss the issue further in the context of this Opinion.

sought by the Applicant.  The court held a hearing on the Application on December 14, 2017, after which the court took the matter under advisement.

## **DISCUSSION**

Section 330(a) provides the framework for a court to review the fees and expenses of an attorney for a debtor in a Chapter 13 case by stating, in pertinent part, that:

> the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

To determine whether compensation is reasonable, courts are directed to section 330(a)(3) which sets forth a non-exhaustive list of "other factors."  11 U.S.C. § 330(a)(4)(B); *see Boddy v. U.S. Bankr. Ct. (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991).  Courts have generally considered the following factors to determine if the fees and expenses sought are compensable:

(i)     the time spent on such services;

(ii)     the rates charged for such services;

(iii)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(iv)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(v)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field;

(vi)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title;

(vii)     the novelty and difficulty of the issues;

(viii)   the special skills of counsel; and

(ix)   the results obtained.

11 U.S.C. § 330(a)(3); *In re Ulrich*, 517 B.R. 77, 81 (Bankr. E.D. Mich. 2014) (identifying other relevant factors in addition to those in section 330(a)(3)) (citations omitted).  The court has an independent and continuing obligation to review fee applications.  *Solomon v. Wein (In re Huhn)*, 145 B.R. 872, 875 (W.D. Mich. 1992) (citations omitted); *see In re Mayes*, 101 B.R. 494, 496 (Bankr. W.D. Mich. 1988) (citations omitted).

A professional seeking approval of fees and expenses bears the burden of proof by a preponderance of the evidence.  *In re Ulrich*, 517 B.R. at 80 (citations omitted).  "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by debtor."  *Id*. (internal quotation and citation omitted).

In this District, requirements and guidelines regarding professional compensation are set forth in the Memorandum Regarding Allowance of Compensation and Reimbursement of Expenses, as amended and effective October 1, 2013 (the "Fee Memorandum").  The Fee Memorandum establishes presumptive reasonable hourly rates and no-look fees for attorneys representing chapter 13 debtors.  If an attorney is board certified and remains as such on an annual basis, the presumptive hourly rate is $250.[6]

Similar to no-look fees, the presumptive hourly rates set forth in the Fee Memorandum are not an entitlement.  *Accord In re Rogers*, 500 B.R. 537, 541-44 (Bankr. W.D. Mich. 2013) (discussing no-look fee structure under Fee Memorandum).  They are neither the floor nor the

---

[6]   The presumptive hourly rates under the Fee Memorandum for attorneys who have not attended continuing legal education and those who have are $175 and $220, respectively.

ceiling. Nothing precludes an attorney from requesting an hourly rate that exceeds the presumptive rate set forth in the Fee Memorandum. *See In re Boddy*, 950 F.2d at 338.

Based on the following facts, some of which are pertinent solely to this case while others transcend this case, the court concludes that the hourly rate of $300 per hour for the Applicant's board certified attorneys is reasonable. First, the time spent by the Applicant was appropriate in light of the complexity, importance and nature of the case. The Applicant responsibly apportioned tasks, with the majority of services performed by associates and paralegals. When necessary, the board certified partners took a more active role. This is evidenced by the fact that the associate, whose rate is $220 per hour, spent 18.5 hours of time, compared with only 5.6 hours of time spent by the board certified partners. As disclosed in the Application, the blended billing rate for attorneys in this case is $238.59 per hour, or approximately $20 more than the presumptive hourly rate for attorneys who have attended education but are not board certified.

Second, the services provided by the Applicant were clearly necessary in order for the Debtor to complete his case. The Debtor and the Applicant proactively developed and implemented a strategy to satisfy all claims in full approximately six months after the petition date, thus affording the Debtor with a breathing spell and an opportunity to obtain his discharge. It would be difficult to suggest that the results obtained by the Applicant were anything but a success.

Third, the Applicant has not sought compensation for non-substantive services performed by attorneys, nor has the Applicant requested compensation for administrative and clerical tasks performed by paralegals. None of the attorneys' time is excessive. Other than four time entries of 0.1 by a paralegal for the transcription of an attorney's notes which the court views as non-compensable overhead, the time entries are all reasonable.

Fourth, the Applicant carefully limited its services to those matters that will benefit the Debtor. The Applicant's attorneys generally attempt to communicate with parties well in advance of hearings to discuss, narrow and resolve issues, thereby avoiding the need for a hearing and its related expense. The same holds true in this case, where the Applicant resolved all disputes prior to any hearing. The court has observed that the Applicant's attorneys frequently appear on behalf of their clients, without charge, to advise other parties and the court when a client cannot put forth a meritorious defense. Relatedly, the Applicant's pleadings are carefully drafted to present only valid legal arguments. By doing so, the Applicant demonstrates efficiency, civility, professionalism and adherence to ethical principles.

Fifth, the court cannot overlook the fact that the two attorneys for whom the Applicant is seeking $300 per hour have considerable experience representing chapter 13 debtors and other parties in various proceedings. One attorney has practiced for over thirty years and is recognized as a leading consumer bankruptcy practitioner in the State of Michigan. The other attorney has consistently practiced bankruptcy law at a high level for more than a decade. As the court has repeatedly noted, both attorneys are board certified, meaning that they are subject to recertification. This arguably requires an understanding of bankruptcy law beyond what is contemplated in the Fee Memorandum.

Sixth, the Applicant's attorneys, regardless of whether they are board certified, attend numerous local, regional and national educational seminars on an annual basis, a factor that is consistent with the premium that has historically been placed on education in this District. The Applicant's attorneys also frequently participate in educational seminars as panelists and in other capacities. They volunteer their time to improve the level of practice not just within their firm, but also within this District. They do not simply attend the minimal level of continuing legal education

for the purpose of qualifying for a higher presumptive hourly rate or no-look fee under the Fee Memorandum.

Finally, according to the studies and surveys relied upon by the Applicant, non-bankruptcy attorneys in the State of Michigan charge more than the presumptive hourly rates. While empirical studies are somewhat persuasive, the aforementioned facts are equally, if not more, important to the court. Moreover, the Applicant did not provide any information regarding the rates charged by the Applicant's bankruptcy contemporaries in other districts. The court therefore declines to place significant weight on the studies and surveys that the Applicant presented.

Standing alone, none of these facts justify a rate in excess of the presumptive hourly rate established by the Fee Memorandum. However, when these facts are considered on the whole, they compel approval of a billing rate of $300 per hour for the Applicant's board certified attorneys.

## CONCLUSION

For purposes of clarity, the court is not establishing a new presumptive hourly rate in the Fee Memorandum. No policy change is being effectuated through the court's decision. Instead, the court shall continue to consider requests for fees in excess of those established by the Fee Memorandum in accordance with the non-exhaustive list of factors set forth in section 330 and *Boddy*.

For the foregoing reasons, the Application is approved.

**Signed: January 12, 2018**





John T. Gregg
United States Bankruptcy Judge